**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Christopher M. Ellington, | ) | No. CV 10-1871-PHX-MHM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Michele R. Chandler, et al., | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |

Before the Court is Plaintiff's Motion to Alter or Amend the Judgement pursuant to Rule 59(e). (Doc. 12)

Plaintiff filed a complaint and request for a temporary restraining order on September 1, 2010. On September 3, 2010, the Court dismissed Plaintiff's complaint for failure to comply with Rule 8 of the Rules of Civil Procedure. Citing 28 U.S.C. §1915(e)(2) the Order also noted that with respect to in forma pauperis cases the district court may dismiss the case if it determines that the action is frivolous or malicious, fails to state a claim on which relief maybe granted, or "seeks monetary relief against a defendant who is immune from such relief. The Court also noted that while much of section 1915 explains how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings and cited Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). The Court stressed that section 1915(e) requires a district

1  court to dismiss an in forma pauperis complaint that fails to state claim.

2  The Court then discussed what constitutes a proper complaint, attached examples and directed Plaintiff to file an amended complaint by September 20, 2010. On September 20, 2010, Plaintiff filed a motion to amend and attached his amended complaint as an exhibit to the motion. The Court reviewed the complaint, but determined that the amended complaint contained many of the same errors as Plaintiff's original complaint. The Court explained that Plaintiff's injury remains unclear, provides only conclusory allegations and citations to statutes and mentions of due process without explaining why he is entitled to relief. The Court ordered that the clerk enter judgment against the Plaintiff.

Plaintiff now moves to alter or amend the judgment pursuant to Rule 59(e). Plaintiff claims that the judgment is without sufficient specificity and so does not provide competent redress. Plaintiff claims that where the amended complaint identified multiple claims against multiple defendants, the judgement stating that Plaintiff's allegations were not sufficient to support a claim for relief did not provide Plaintiff notice as to each claim and each respective Defendant. The Plaintiff also faults the Order for avoiding "the actual word construction of the thirteen claims advanced by Plaintiff."

As an initial matter, both of the Court's prior orders dismissing the complaints provided greater detail regarding the defects in Plaintiff's complaint than Plaintiff's motion states. The Court's October 15, 2010 order, which denied Plaintiff's motion to amend and directed the clerk to enter judgment against the Plaintiff, noted that Plaintiff included conclusory allegations that were not supported by sufficient allegations to state a claim under Rule 8. As the Court noted however, it appears that Plaintiff's complaint pertains to allegedly false or misleading statements made by his wife and her attorney and the disclosure of information he considered private. What statements were made, in what context, what private information was disclosed, and how this may have injured Plaintiff in a way that entitles him to relief are unclear. Merely making the conclusory allegation that the statements were made by someone acting under color of law and that they injured Plaintiff's due process rights are not sufficient to state a claim. The Court found that Plaintiff failed to

state a claim under Rule 8, and explained its reasoning. Plaintiff's "13 counts" include statements such as that his wife provided misleading testimony to obtain undue advantage over plaintiff and that his wife's attorney acted under color of state law and promoted information known to be false and that an advisor disclosed information plaintiff sought to keep private. The Court is not obligated to go through each of these "counts", many of which are just conclusory allegations or factual allegations – and explain why each of these fails to state a claim.

Finally Plaintiff states that he should not be treated as a prisoner and that his complaint should not have been pre-screened. As the Court has already noted, however, 28 U.S.C. §1915(e)(2) is not limited to prisoner complaints and requires the Court to dismiss any complaint filed in forma pauperis that fails to state a claim.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Motion to Alter or Amend the Judgment.

DATED this 29th day of November, 2010.

_____
Mary H. Murguia
United States District Judge